UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

STEFON LUCKEY,

Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT JARED HOSPEDALES, Shield No. 3299, individually and in his official capacity, SERGEANT ANTHONY PICCOLO, Shield No. 3334, individually and in his official capacity, POLICE OFFICER LANE CLARK, Shield No. 3217, individually and in his official capacity, POLICE OFFICER JAMES FRASCATORE, Shield No. 11981, individually and in his official capacity, POLICE OFFICER DOMINIC SCICUTELLA, Tax ID No. 953385, individually and in his official capacity, SERGEANT GREG OSTROWISKI, Shield No. 4667, individually and in his official capacity, POLICE OFFICER YMMACULA PIERRE, Shield No. 1834, individually and in her official capacity, and POLICE OFFICER KAROLINA OSTROWSKATUZNIK, Shield No. 222334, individually and in her official capacity,

Defendants.

--------------------------------------------------------------------X

14 CV 1571 (CBA) (RER)

**VERIFIED AMENDED COMPLAINT**

Jury Trial Demanded

Plaintiff, **STEFON LUCKEY**, by his attorneys, HELD & HINES, LLP, complaining of the defendants, hereinafter states and alleges as follows upon information and belief:

## PRELIMINARY STATEMENT

1.  Plaintiff commences this action seeking compensatory damages, punitive damages, and attorney's fees for violations of his civil rights by the defendants, their agents, servants and/or employees, while acting under color of law, as said rights are secured by the Constitution of the United States of America, 42 U.S.C. §1983 *et seq*. Plaintiff also asserts supplemental state law claims for violations of his rights secured by the Constitution of the State of New York, as well as Article 15 of the New York State Executive Law ("NYS Human Rights

Law"), Section 40 *et seq.* of the New York State Civil Rights Law (the "NYS Civil Rights Law"), and Sections 8-107 *et seq.*, 8-502 *et seq.* and 8-603 *et seq.* of the Administrative Code of the City of New York (the "City Human Rights Law"), as well as common law claims of assault, battery, negligent hiring, training and retention, intentional infliction of emotional distress, negligent infliction of emotional distress, neglect and failure to provide medical treatment, general negligence, and failure to protect.

2.     On or about May 14, 2013, at approximately 12:00 a.m., the plaintiff was lawfully standing on a public sidewalk in New York City, Queens County, when several officers and/or supervisory personnel of the New York City Police Department ("NYPD") subjected Plaintiff to an unlawful police stop and then verbally harassed and threatened Plaintiff.  After said encounter, Plaintiff walked into a nearby deli and these officers followed Plaintiff into same. Then, in an unprovoked and excessive use of force, said officers did assault, batter and pepper spray Plaintiff, did call him racial and derogatory epithets, did constrain and handcuff Plaintiff, and then did punch Plaintiff several times in the chest and stomach while he was restrained and handcuffed, causing the plaintiff to suffer physical, psychological and emotional injuries and pecuniary loss.  At no time did any officer or supervisor intervene or protect Plaintiff from this excessive use of force.

3.     Then, in an effort to cover-up and/or conceal their unlawful conduct, the defendant police officers, still acting under color of law, did, individually and/or in concert and conspiracy with one another: falsely arrest Plaintiff; falsely charge Plaintiff with crimes said officers knew Plaintiff had not committed; falsely imprison and/or otherwise confine Plaintiff for several hours; maliciously prosecuted Plaintiff; drafted, executed and filed knowingly false statements and reports wherein the defendant officers and their supervisors dishonestly stated

that Plaintiff posed a danger to officers, others and/or property and/or that Plaintiff caused and/or threatened to cause serious physical injury to an officer; maliciously abused process; and the defendant officers and their supervisors made other knowingly false allegations against Plaintiff in an effort to cover-up and/or conceal their unlawful conduct.

4.      Upon information and belief, the defendant officers and their supervisors lied, submitted false statements, arrested and imprisoned Plaintiff, and/or purposely failed to fully and faithfully investigate the subject incident, all in an effort to prevent the aforesaid unlawful conduct from coming to light.

5.      Following the subject incident, Defendants were deliberately indifferent to Plaintiff's injuries and medical needs and denied him reasonable and timely access to medical care and treatment, thereby exacerbating Plaintiff's pain and suffering and causing an unnecessary and wanton infliction of pain.

6.      As a result of the defendants' unlawful conduct set forth herein, Plaintiff was caused and continues to suffer physical, psychological and emotional injuries and pecuniary loss.

**JURISDICTION AND VENUE**

7.      This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988; the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America; the Constitution of the State of New York; the NYS Human Rights Law; the NYS Civil Rights Law; the City Human Rights Law; and the Charter and Administrative Code of the City of New York.

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

9. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

10. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, as well as New York C.P.L.R. Art. 86 and City Human Rights Law §8-502(f) for pendent claims arising under New York state and local law.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within Queens County, New York, which is within this judicial district.

## PARTIES

11. At all times mentioned herein, Plaintiff was and remains a resident of the City and State of New York, County of Queens.

12. Upon information and belief, and at all times mentioned herein, the defendant, THE CITY OF NEW YORK (hereinafter referred to as the "City"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

13. Upon information and belief, and at all times mentioned herein, the City maintains the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"), pursuant to law.

14. Upon information and belief, and at all times mentioned herein, the individual defendants, SERGEANT JARED HOSPEDALES, SERGEANT ANTHONY PICCOLO, POLICE OFFICER LANE CLARK, POLICE OFFICER JAMES FRASCATORE, POLICE OFFICER DOMINIC SCICUTELLA, SERGEANT GREG OSTROWISKI, POLICE OFFICER

YMMACULA PIERRE, and POLICE OFFICER KAROLINA OSTROWSKATUZNIK (hereinafter referred to as the "defendant police officers"), are residents of the State of New York.

15.     At all times mentioned herein, the defendant police officers were employed by the City and NYPD.  As used herein, the term "police officer" is intended to refer to NYPD officers and supervisory personnel in the general and not to any specific rank, title or position.

16.     Upon information and belief, and at all times mentioned herein, the defendant police officers were assigned to the NYPD's 113th Precinct.

17.     The City was and remains the public employer of the defendant police officers.

18.     The NYPD was and remains the public employer of the defendant police officers.

19.     At all times mentioned herein, the defendants were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York and/or NYPD.

20.     The defendant police officers are sued in their individual and official capacities.

21.     That upon information and belief, and at all times mentioned herein, the City, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the NYPD, including but not limited to the 113th Precinct, as well as the police officers assigned to and/or stationed thereat.

22.     At all times mentioned herein, the City, its departments, agents, servants and/or employees, was charged with hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting police officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

23.     At all times mentioned herein, the NYPD, its agents, servants and/or employees, was charged with hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting police officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

24.     That upon information and belief, and at all times mentioned herein, the defendant police officers were acting under the direction, supervision, authority and/or control of the City and/or NYPD, their agents, servants and/or employees.

25.     The NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to the racial profiling, stop and frisk, use of force, reporting and investigation of uses of force by uniformed staff, and provision and access to medical and other program services mandated by local law and court orders.  In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees, including those that are inconsistent with formal policy.  These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten NYPD policies or customs.

26.     At all times mentioned herein, NYPD supervisory personnel had direct, first-line supervisory responsibilities over the defendant police officers, including responsibility for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general, and Plaintiff in particular.  These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern or control the City and NYPD, including City and NYPD directives and orders concerning: the use of force, the reporting of use of force, the provision of and access to medical care, treatment and services. Each of these supervisors are sued in his/her individual and official capacities.

27.    The defendant police officers harassed, intimidated, threatened, and used excessive physical force on Plaintiff; who falsely detained, arrested and imprisoned Plaintiff; who conspired to violate Plaintiff's civil rights; who conspired to falsely arrest and imprison Plaintiff; who made false criminal allegations against the plaintiff; who maliciously prosecuted Plaintiff and conspired with the Queens County District Attorney's Office for that purpose; who ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention for the injuries alleged herein; who knowingly drafted and/or filed, or conspired to file, false reports, incident reports, medical reports, summons(es), appearance tickets, and complaint and arrest reports against Plaintiff; who gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff; and/or who converted Plaintiff's money and identification and refused to return either.

## STATEMENT OF FACTS

28.    On or about May 14, 2013, at approximately 12:00 a.m., the plaintiff, an African-American male, was lawfully standing on a public sidewalk with several of his friends in the vicinity of Y&H Deli, located at 110-52 Farmers Boulevard, St. Albans, New York, Queens County (hereinafter the "deli"), when the defendant police officers racially-profiled Plaintiff, stopped the police vehicle they were traveling in, and in a harassing and threatening manner did order Plaintiff to approach their vehicle.  Plaintiff complied.

29.    Following this encounter, Plaintiff walked into the deli and was inexplicably followed by several of the defendant police officers.  Then, in an unprovoked and excessive use of force, Defendant Sergeant Jared Hospedales and/or other of the defendant police officers did assault, batter and pepper spray Plaintiff without legal cause or justification.

30.     Defendant Police Officer Lane Clark and/or other of the defendant police officers did then falsely arrest Plaintiff.  Plaintiff was then forcibly removed from the deli, called racial and derogatory epithets, handcuffed tightly, and roughly shoved into a police vehicle by the defendant police officers.

31.     Once inside the police vehicle, Plaintiff informed the defendant police officers that his eyes were burning from the pepper spray and asked the defendant police officers to open a window so he could breathe.  At least one of the defendant police officers then punched Plaintiff in the chest and stomach.  Plaintiff was not disruptive or argumentative with said officer(s) at the time he was punched as he was restrained, handcuffed and struggling with the effects of pepper spray at the time.

32.     The defendant police officers then transported Plaintiff to the 113th Precinct, where said officers pointed a Taser at Plaintiff and threatened to use same against him.  Plaintiff was not disruptive or argumentative with said officers at the time this threat was made.

33.     The defendant police officers then confiscated Plaintiff's identification, keys and wallet containing approximately $200.00 in cash.

34.     Plaintiff was then transferred to a holding cell, where he remained for several hours before being released without being charged.

35.     Once released from the defendants' unlawful detention, Plaintiff sought medical treatment at a hospital.

36.     Upon being discharged from the hospital's care, Plaintiff returned to the 113th Precinct and attempted to obtain his identification, keys and wallet containing approximately $200.00 in cash.  The defendants returned only Plaintiff's keys.  The defendants have not returned Plaintiff's cash or identification to date.

37.     At no time during the foregoing incidents did any of the defendant police officers intervene, protect, or come to the aid or defense of Plaintiff.

38.     The aforesaid conduct, all undertaken while the defendant police officers were acting under the color of law, was without legal cause or justification.

39.     The defendants' aforesaid conduct constitutes a gratuitous, unjustified and excessive use of force and punishment.

40.     The defendants' aforesaid conduct was not founded upon reasonable suspicion, probable cause or any lawful interest.

41.     As a result of the aforesaid conduct, Plaintiff suffered physical injuries of a serious and important nature.  Despite having notice of same, both actual and constructive, the defendants delayed and/or failed to authorize, make arrangements for, or provide timely and adequate medical care or treatment to Plaintiff.

42.     Plaintiff's medical condition was of such gravity that it can be considered a serious medical condition.  Defendants, by ignoring his requests for treatment, acted with deliberate indifference.

43.     As a result of the defendants' deliberate indifference, Plaintiff experienced prolonged and significantly increased pain.

44.     Plaintiff's aforesaid injuries significantly affect his daily activities, including but not limited to his fear of the police.

45.     The failure of all defendants to provide due and timely medical care and treatment to the plaintiff caused further and substantial harm to the plaintiff, including but not limited to increased and prolonged pain, and psychological and emotional injuries.

46.     The supervisory staff within the NYPD and the command structure of the NYPD knew and/or knows that the pattern of police harassment, intimidation, physical abuse, cover-up, and denial of medical care, as described above, existed and still exists within the NYPD. The NYPD's failure to take measures to curb this pattern of brutality constitutes acquiescence in the known unlawful behavior of its officers. The prevalence of these practices and general knowledge of their existence, and the failure of these defendants to take remedial action despite the fact that the foregoing has been persistently brought to the NYPD's attention, constitutes deliberate indifference to the rights and safety of the public in general, and Plaintiff in particular. The defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the civil rights violations alleged in this Complaint.

47.     The NYPD operates under a system-wide policy. With some exceptions, the NYPD trains all of its officers at a single Training Academy according to a uniform curriculum; maintains a centralized Investigation Division to investigate allegations such as those contained herein under uniform procedures; and maintains a centralized unit to conduct administrative prosecutions (or to decline to prosecute, or to plea-bargain) in those few instances where the NYPD substantiates the allegation(s).

48.     The supervisory staff of the NYPD has consistently failed to investigate allegations such as those contained herein and to discipline officers who have violated NYPD guidelines. The investigation of these incidents by central office and/or supervisory staff reflects a bias in favor of uniformed officers. Furthermore, officers and staff who are known to have violated an individual's civil rights in one command are often transferred by NYPD to another command rather than be disciplined, demoted or fired by the NYPD.

49.     Upon information and belief, the pattern of misconduct alleged herein has been condoned by ranking commanders and supervisors of the NYPD, who have been or are aware of the number, frequency, and severity of these incidents and of the continuing risk of physical injury at the hands of uniformed officers.  Supervisors receive and/or received a daily compilation of reports from NYPD commands documenting violent incidents, including an officer's use of force.  These reports, which are circulated throughout the NYPD, contain brief summaries of the incident.  These summaries have documented, and continue to document, the routine application of intimidation, police stops, strip searches, false arrests and imprisonments, and false criminal charges being asserted by officers under circumstances which very often suggest that the officers' accounts are fabricated to cover up brutality and other misconduct.  These reports routinely document injustices the same or similar to the allegations contained herein, and consistently find no basis to question the officer's conduct, even when officer reports describe conduct which is proscribed by NYPD written policy or fail to account for the arrestee's injuries.

50.     With rare exception, officers whose misconduct is brought to the attention of supervisory personnel continue to work without any substantial disciplinary action being taken against them.  Many of these officers are simply transferred to another precinct, where their misconduct continues.  Although the NYPD has a computerized system capable of identifying officers involved in multiple unlawful arrests and/or cover-ups, this information has not been utilized by NYPD commanders or supervisors to reduce the severity or incidence of these events.  The fact that these abuses by officers remain unchecked and unrestrained leads the staff to believe that they may act with impunity.

51.     Similarly, City and NYPD officials and supervisory staff have consistently failed to investigate CCRB and IAB complaints of police harassment and intimidation, racial profiling, unlawful police stops, false arrests and detentions, police cover-ups, officer disrespect, medical inattention, violations of NYPD guidelines, as well as other misconduct; and have failed to discipline the subjects of those grievances and complaints which were substantiated.

**FIRST CLAIM FOR RELIEF:**
**42 U.S.C. §1983**
_____

52.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "51", inclusive, of this Complaint, as if same were fully set forth herein at length.

53.     As set forth above, the defendant police officers, acting under the color of law, harassed, intimidated, racially-profiled, threatened, and used excessive physical force on Plaintiff; falsely detained, arrested and imprisoned Plaintiff; maliciously prosecuted Plaintiff; conspired to violate Plaintiff's civil rights; conspired to falsely detain, arrest and imprison Plaintiff; conspired to maliciously prosecute Plaintiff with the Queens County District Attorney's Office; ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention; and knowingly drafted and/or filed, or conspired to file, false against Plaintiff in order to cover-up evidence of their unlawful activities, all without legal cause or justification and with purposeful intent to cause harm to Plaintiff.

54.     As set forth above, City and/or NYPD supervisors and officers failed to notify City or federal authorities as to what they had seen and/or heard.

55.     As set forth above, the City, NYPD and/or their supervisory personnel failed to take appropriate action to investigate and report the subject incident.

56.     As set forth above, the subject incident, as well as the defendant police officers' ignoring, acquiescence, joining and/or complicity in same, constituted an unnecessary, unreasonable, and excessive use of force.

57.     The defendants acted with deliberate indifference to the plaintiff's safety, security, health and immediate medical needs.

58.     As a direct and proximate result of the defendants' deliberate indifference, the plaintiff's resulting physical, psychological and emotional injuries, pain and suffering were caused and/or significantly exacerbated.

59.     As set forth above, the defendants have made every effort to conceal the truth about what actually occurred, including but not limited to covering up, or attempting to cover up, the illegal conduct of the defendant police officers.

60.     The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and/or Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, and emotional injuries he suffered.

61.     The actions of the defendant police officers were malicious.

62.     As set forth above, the City and NYPD have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of abuse and other misconduct by their police officers, to the detriment of the plaintiff.

63.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

64.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, by reasonable diligence, could have mitigated the plaintiff's injuries had they intervened in the aforesaid unlawful conduct and/or protected Plaintiff.

65.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, violated Plaintiff's Constitutional rights by:

a.      Racially-profiling Plaintiff;

b.      Unlawfully stopping Plaintiff;

c.      Harassing, intimidating and threatening Plaintiff;

d.      Unlawfully causing and/or allowing the false arrest, detention and imprisonment of Plaintiff to occur;

e.      Maliciously prosecuting Plaintiff;

f.      Using unreasonable and excessive physical force on the plaintiff;

g.      Failing to intercede on behalf of the plaintiff to prevent the Constitutional violations aforesaid, despite having an opportunity to do so, but due to their deliberate indifference declined or refused to do so;

h.      Failing to provide timely and due medical care and treatment to Plaintiff;

i.      Detaining, arresting and imprisoning Plaintiff without legal cause;

j.      Depriving the plaintiff access to and redress from the courts;

k.      Denying the plaintiff the equal protection of the laws;

l.      Engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff; and

m.      By subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law.

66. As a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and statutes of the United States of America and has been damaged thereby.

67. As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF:**
**42 U.S.C. §§1985 AND 1986**
_____

68. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "67", inclusive, of this Complaint, as if same were fully set forth herein at length.

69. Defendants, City and NYPD, their employees, agents and/or servants, including but not limited to the defendant police officers and supervisors, acting under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: to be free from cruel and unusual punishment; to be free from malicious and unlawful prosecution; to be free from the use of unreasonable and/or excessive force; to be free from false arrest and false imprisonment; to be free from unreasonable delay and/or denial of medical attention; to be free from police harassment and intimidation; to be free from unlawful search and seizure; to equal protection of the law; to equal privileges and immunities under the law; to associate and speak freely; and to have access to and seek redress in the courts.

70. It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be falsely arrested, detained, imprisoned and prosecuted.

71.     It was part of said conspiracy that said defendants did deny and/or delay due and necessary medical care and treatment to the plaintiff.

72.     It was part of said conspiracy that said defendants did fail to protect the plaintiff from known harms while he was in their custody.

73.     In furtherance of the conspiracy and in order to cover up their unlawful conduct, Defendants engaged in the following:

        a.     Fabricating and contriving reports and/or records;

        b.     Failing to make medical treatment timely available to Plaintiff;

        c.     Although they were aware of the subject events and were required to report it, deliberately suppressing the truth; and

        d.     Submitting false reports, statements and/or testimony to the Queens County District Attorney's Office, NYPD investigators and others in order to support and corroborate the fabricated allegations lodged against the plaintiff, for their own benefit.

74.     As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights and privileges afforded by the Constitution and statutes of the United States of America.

75.     Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

76.     With due diligence, said defendants could have promptly reported the subject events to superiors and to duly authorized investigators.  Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering.

77.     Had said defendants complied with the law and furnished truthful information to authorities, their conduct and/or Plaintiff's conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

78.     As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries.

### THIRD CLAIM FOR RELIEF: MUNICIPAL LIABILITY

79.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "78", inclusive, of this Complaint, as if same were fully set forth herein at length.

80.     The defendant police officers, collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City and/or NYPD but which is forbidden by the Constitution of the United States.

81.     That prior to May 14, 2013, the City and NYPD developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of the public, which caused the violations of the plaintiff's rights.

82.     That the aforementioned customs, policies, usages, practices, procedures and rules of the City and NYPD included, but were not limited to: (a) ignoring the constitutional rights of the general public; (b) ignoring the constitutional rights of persons in their custody and control; (c) depriving persons in their custody and control their constitutional rights; (d) using force in an unreasonable, unnecessary, unjustified and excessive manner; (e) failing to adequately instruct and supervise the police officers under said defendants' control in the proper and appropriate care and treatment of individuals and detainees in their custody and control; (f) inadequately

and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force and abuse by police officers, and inadequately punishing the subjects of those complaints which were substantiated; (g) tolerating acts of brutality; (h) racially profiling and tolerating racial profiling by police officers; (i) the Internal Affairs Bureau and Inspector General having substantially failed in their responsibilities to investigate misconduct and discipline offenders; (j) having polices that operate to insulate police officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; and (k) allowing police officers and supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and NYPD.

83.     The long-standing failure or refusal to supervise the police officers under said defendants' control, including supervisory staff, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuse alleged herein.  It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

84.     Said defendants' policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of misconduct over a period of years by command personnel, supervisors, and the police officers they supervise.

85.     The failures and refusals by the City and NYPD to hold these supervisors and police officers accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons.

86.     Through promotions and other financial and status incentives, the City and NYPD have the power to reward police officers who perform their jobs adequately and to punish – or at

the very least fail to reward – those who do not. The City and NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidation, cover-up, medical neglect, or other misconduct, and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

87. The pattern of unchecked abuse by police officers and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the City and NYPD to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against the plaintiff

88. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

89. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

90. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

91. Prior to and at the time of the subject date of incident, there existed a pattern and practice of police harassment, intimidation, unlawful stops and frisks, excessive uses of physical force, unlawful detainer, false arrests and imprisonments, cover-ups and conspiracies to cover-up unlawful conduct, refusals and/or failures to provide medical care or make medical care timely

available, failures to conduct unbiased and thorough investigations of same and to discipline staff meaningfully and promptly for misconduct, and the long-standing failure or refusal to supervise police officers, including supervisory staff, are now so institutionalized as to constitute a policy or custom of tolerating and authorizing the wrongs alleged herein. It is this policy or custom of abuse and cover-up that has caused the deprivation of Plaintiff's constitutional rights.

92.     The City and NYPD have failed or refused to hold accountable high-ranking supervisors (i.e., captains, lieutenants, assistant deputy commissioners, deputy commissioners, and commissioner) in the face of frequent and significant misconduct, over a period of years, by these supervisors and by the officers they supervise. This failure has subjected Plaintiff and other members of the public to the constitutional and statutory violations alleged herein. This failure is a proximate cause of the injuries sustained by the plaintiff and by other members of the public.

93.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO PROTECT AND NEGLECT**
_____

94.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "93" inclusive, of this Complaint, as if same were fully set forth herein at length.

95.     All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

96.     As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms.

97.     As set forth above, Defendants failed to intervene, mitigate and/or stop the events alleged herein.

98.     As set forth above, Defendants failed to provide timely and adequate medical care and treatment to Plaintiff.

99.     As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

100.    All defendants failed to report the unlawful conduct alleged herein to supervisors.

101.    The City and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

102.    Due to the defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

103.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## **PENDANT STATE CLAIMS**

### CONDITIONS PRECEDENT

104.    On or about July 24, 2013, Plaintiff caused a Notice of Claim to be electronically filed with the City of New York, setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff herein.

105.    More than thirty (30) days have elapsed since said date and the City of New York has neglected and refused to make an adjustment thereof.

106.    The City of New York did notice a hearing pursuant to Section 50-h of the General Municipal Law.  Said hearing was adjourned once as of right and never rescheduled by the City of New York.  Accordingly, the City of New York has waived its right to a hearing of Plaintiff.

107.    This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

108.    This action falls within one or more of the exceptions set forth in CPLR §1602.

**FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:**
**HARASSMENT, INTIMIDATION, ASSAULT, AND BATTERY**
_____

109.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "108", inclusive, of this Complaint, as if same were fully set forth herein at length.

110.    As set forth above, Plaintiff was harassed, intimidated, threatened, assaulted, and battered by the defendants, their agents, servants and/or employees, including but not limited to the defendant police officers.

111.    The aforesaid uses of intimidation, threats, and physical force against Plaintiff was excessive, unnecessary, unprovoked and in violation of the Constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York.

112.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

113.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

114.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: UNLAWFUL DETAINER, FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION

115.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "114", inclusive, of this Complaint, as if same were fully set forth herein at length.

116.     As set forth above, Plaintiff was unlawfully stopped, questioned, detained, falsely arrested, falsely imprisoned and maliciously prosecuted by the defendants, their agents, servants and/or employees, including but not limited to the defendant police officers.

117.     The aforesaid conduct was in clear violation of the Constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York.

118.     As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

119.     As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

120.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## TRESPASS TO CHATTELS AND CONVERSION
_____

121.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "120", inclusive, of this Complaint, as if same were fully set forth herein at length.

122.    As set forth above, the defendant police officers confiscated Plaintiff's identification, keys, money and wallet.

123.    Defendants have failed and/or refused to return Plaintiff's identification, money and wallet to him to date.

124.    The trespass to chattels and conversion was in clear violation of Plaintiff's civil rights.

125.    The trespass to chattels and conversion was in clear violation of statutory and common law.

126.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

127.    As a result of the foregoing, Plaintiff suffered loss of property.

128.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## CONSPIRACY
_____

129.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "128", inclusive, of this Complaint, as if same were fully set forth herein at length.

130.     As set forth above, the defendant police officers conspired with and amongst one another and others to harass, intimidate and threaten; to assault, batter, and use excessive force on Plaintiff; to unlawfully stop, question, detain, arrest, imprison and maliciously prosecute the plaintiff; to convert and destroy Plaintiff's property; to cover-up their unlawful conduct; and to otherwise deprive the plaintiff of his Constitutional, statutory and common law rights.

131.     As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries, as well as loss of property.

132.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: VIOLATION OF NEW YORK CONSTITUTION AND STATUTES

133.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "132, inclusive, of this Complaint, as if same were fully set forth herein at length.

134.     By reason of the allegations contained herein, Plaintiff was deprived by defendants of his rights to be free from racial discrimination, to peaceably assemble, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizure, to be free from gratuitous and excessive force and punishment, to be free from cruel and unusual punishment, and to due process of law, as guaranteed to him by the Constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York. The defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights, for which all defendants are liable.

135.    The aforesaid violations, and the failure of supervisory personnel and the City and NYPD to take appropriate steps to curb the widespread pattern of same or similar conduct by police officers, violated plaintiff's rights under the New York State Constitution, to due process of law, and to be free from degrading treatment and physical abuse.

136.    By their refusal to provide prompt medical attention to plaintiff after he was injured, the defendants violated Plaintiff's Constitutional, statutory and common law rights.

137.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

### SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

138.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "137", inclusive, of this Complaint, as if same were fully set forth herein at length.

139.    The City and NYPD were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to the defendant police officers, in that said employees lacked the experience and ability to be employed by the City and/or NYPD; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring individuals who lacked the mental capacity and ability to function as employees of said defendants; in that the defendant-employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of ability, experience and maturity of the defendant-employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate the

defendant-employee(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

140.    The failure of the City and NYPD to adequately train their agents, servants and employees, including but not limited to the defendant police officers, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the Charter, rules and regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of the public in general and Plaintiff in particular, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

141.    The City and NYPD knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to the defendant police officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

142.    The City and NYPD knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to the defendant police officers, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

143.    That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

144.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being harassed, intimidated, threatened, assaulted, battered, falsely detained, and falsely imprisoned, and his civil rights being violated.

145.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

146.    The aforesaid acts of the City and NYPD resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

147.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, attorney's fees, costs, expert's fees, and disbursements.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLECT AND FAILURE TO PROVIDE MEDICAL TREATMENT

148.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "147", inclusive, of this Complaint, as if same were fully set forth herein at length.

149.    Defendants, their agents, servants and/or employees, were required to make available and/or provide medical care and treatment to the plaintiff while he was in their custody and control.

150.    The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject police encounter and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

151.    The defendants knew or should have known that their neglect, denial and/or delay of medical care and treatment to the plaintiff created an unreasonable risk of bodily injury.

152.    The defendants' neglect, denial and/or delay of medical care and treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

153. As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## EIGHTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

154. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "153", inclusive, of this Complaint, as if same were fully set forth herein at length.

155. The aforesaid acts of the defendants, their agents, servants and employees, acting individually and/or in conjunction with the other defendants, were intentional, malicious and excessive, and served no reasonable or legitimate penological interest.

156. The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's physical safety.

157. As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

158. As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## NINTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## NEGLIGENCE

159. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "158", inclusive, of this Complaint, as if same were fully set forth herein at length.

160.    As set forth above, Defendants, their agents, servants and employees, were negligent and the proximate cause of injuries and damages suffered by the Plaintiff.

161.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

162.    Inasmuch as the defendant police officers were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, the City and NYPD are liable, jointly and severally, under the doctrine of *respondeat superior* for the tortious actions of same.

163.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

### TENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
### FAILURE TO PROTECT
_____

164.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "163" inclusive, of this Complaint, as if same were fully set forth herein at length.

165.    All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

166.    As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms, including themselves and each other.

167.    As set forth above, each of the defendant police officers failed to intervene, mitigate and/or stop the subject incident at any time during the happening of the incident.

168.    As set forth above, the defendants failed to make timely and adequate medical care and treatment to Plaintiff following the subject beating.

169.    As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

170.    All defendants failed to report the abusive conduct of the defendant police officers to supervisors or other authorities.

171.    The City and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

172.    That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

173.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## ELEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: PRIMA FACIE TORT

174.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "173" inclusive, of this Complaint, as if same were fully set forth herein at length.

175.    The aforesaid conduct of the defendants, their agents, servants and employees, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

176.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

177. As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this matter.

## RELIEF

Plaintiff requests the following relief jointly and severally as against all of the defendants:

1. An award of compensatory damages against all defendants in an amount to be determined at trial;

2. An award of punitive damages against the non-municipal defendants in an amount to be determined at trial;

3. An award of attorney's fees, expert's fees, costs and disbursements; and

4. Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      August 13, 2014

Respectfully submitted,

**HELD & HINES, LLP**

/S/
By: _____
     Philip M. Hines, Esq. (PH5954)
*Attorneys for Plaintiff*
Office and P.O. Address
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700

## <u>ATTORNEY VERIFICATION</u>

PHILIP M. HINES, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am a member of the law firm of Held & Hines, LLP, attorneys for the plaintiff in the within action, Stefon Luckey; that I have read the foregoing Verified Amended Complaint and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that the plaintiff resides outside of the County in which your Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and documents contained in the plaintiff's file.

/S/

_____
PHILIP M. HINES, ESQ.

Affirmed to this 13th
day of August, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

STEFON LUCKEY,

                                    14 CV 1571 (CBA) (RER)

               Plaintiff,

     - against -

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, SERGEANT JARED HOSPEDALES,
Shield No. 3299, individually and in his official capacity,
SERGEANT ANTHONY PICCOLO, Shield No. 3334,
individually and in his official capacity, POLICE
OFFICER LANE CLARK, Shield No. 3217, individually
and in his official capacity, POLICE OFFICER JAMES
FRASCATORE, Shield No. 11981, individually and in his
official capacity, POLICE OFFICER DOMINIC
SCICUTELLA, Tax ID No. 953385, individually and in
his official capacity, SERGEANT GREG OSTROWISKI,
Shield No. 4667, individually and in his official capacity,
POLICE OFFICER YMMACULA PIERRE, Shield No.
1834, individually and in her official capacity, and
POLICE OFFICER KAROLINA OSTROWSKATUZNIK,
Shield No. 222334, individually and in her official
capacity,

               Defendants.

-------------------------------------------------------------------X

## VERIFIED AMENDED COMPLAINT

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

                             **Signature (Rule 130-1.1-a)**

                                   /s/

                    _____

                    **PHILIP M. HINES, ESQ.**