# THE QUINN LAW FIRM

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

Writer's Direct Dial: (914) 997-0555
Writer's Direct Fax: (914) 997-0550
Writer's E-Mail: aquinn@quinnlawny.com

March 1, 2016

Judge Carol Bagley Amon
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Luckey v. City of New York, et al.**
Docket No. 14 Civ. 1571 (CBA) (RER)

Dear Judge Amon:

We represent defendant NYPD Sergeant Jared Hospedales ("Hospedales"). I write to request a pre-motion conference to seek permission to move to disqualify new counsel for plaintiff, Ilann M. Manzel and Theodor Owen Oxholm of Emery, Celli, Brinckerhoff & Abady, LLP ("Emery Celli") because the continued representation of plaintiff Stephon Luckey by Emery Celli presents a conflict of interest which violates the New York State Rules of Professional Conduct.

Richard Emery, a partner at Emery Celli, serves as Chairman of the Civilian Complaint Review Board ("CCRB"), a City agency empowered by City Charter to receive, investigate, mediate, hear and make findings and recommend discipline against police officers for, *inter alia*, the use of force. In 2015, the City reportedly paid Emery $59,166.00 for serving as Chairman of CCRB.

Emery Celli's representation of plaintiff against Hospedales while Emery draws a salary from the City agency which prosecuted Hospedales creates an irreconcilable conflict of interest which requires disqualification. The finding by the CCRB that Hospedales was guilty of using excessive force directly benefits plaintiff in his lawsuit and, by extension, benefits Emery Celli and its equity partners, including Richard Emery.

Emery's executive level decisions as Chairman of the CCRB had a direct impact on the prosecution of Hospedales. By permitting Emery to serve as the Chairman of the agency investigating police misconduct while his firm profits off of those investigations, the City of New York has abdicated its responsibility to ensure that the CCRB functions in a fair and even-handed manner. The inevitable conflict created is that Emery, in his paid position as Chairman of the CCRB, is using administrative prosecutions as a source for new business for his law firm.

The instant action involves plaintiff's May 15, 2013 arrest by defendant police officers. During the course of the arrest, Hospedales utilized pepper spray to subdue plaintiff.

Plaintiff's complaint contains federal and pendent state claims alleging false arrest, excessive force, malicious prosecution, and *Monell* claims. For the first two years of the lawsuit, plaintiff was capably represented by Philip Hines, Esq. of Held & Hines, LLC.

Plaintiff Luckey also filed a CCRB complaint against Hospedales and the other officers involved in his arrest. The CCRB conducted an investigation during which Hospedales and the other defendants were compelled, under threat of termination, to answer CCRB's questions. Based in part upon those answers, the CCRB filed disciplinary charges against Hospedales alleging excessive force. On October 7, 2015, an administrative judge recommended finding Hospedales guilty and Police Commissioner Bratton accepted the finding and imposed the recommended penalty. As a direct result of CCRB's actions, Hospedales has been denied indemnification by the City pursuant to General Municipal Law §50-k(2). On February 11, 2016, upon completion of the CCRB case, Emery Celli replaced Mr. Hines as counsel for plaintiff.

Emery Celli is now seeking monetary damages to be paid by the same City from which Emery draws a salary regarding a matter over which the agency Emery chairs (1) conducted an investigation; (2) compelled Hospedales to testify under threat of termination; and (3) recommended an administrative penalty which bolstered the plaintiff's federal civil claim.

In the Eastern District of New York, ethical standards are governed by the New York State Rules of Professional Conduct and the standards set by the American Bar Association ("ABA"). Local Civil Rule 1.3. *See Giambrone v. Meritplan Ins. Co.,* 117 F. Supp. 3d 259, 267-68 (E.D.N.Y. 2015); *Anderson v. Nassau Cty. Dep't of Corr.,* 376 F. Supp. 2d 294, 296 (E.D.N.Y. 2005). The conflicts of an individual attorney are generally imputed to that attorney's entire firm. *See* N.Y. Rules of Professional Conduct § 1.10; *Cardinale v. Golinello,* 43 N.Y.2d 288, 295 (1977).

Rule 1.7(a) states: "a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests". N.Y Rules of Professional Conduct §1.7(a). Canon 5 states: "a lawyer should exercise independent professional judgment on behalf of a client." Canon 9 states, "A lawyer shall avoid even the appearance of professional impropriety." Canons 5 and 9 set the standards with regard to conflicts of interest to which members of the legal profession must adhere. *See NCK Org. Ltd. v. Bregman,* 542 F.2d 128, 129 n. 2 (2d Cir. 1976) (Code accepted by state and federal courts as providing appropriate guidelines for professional conduct); *Giambrone* at 267-68.

Although the burden required to merit disqualification is a high one, the Second Circuit has held that "any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975); *see also Maricultura Del Norte, S. de R.L. de C.V. v. Worldbusiness Capital, Inc.,* No. 14–CV–10143, 2015 WL 1062167, at *7 (S.D.N.Y. Mar. 9, 2015). Disqualification is warranted where "an attorney's conduct tends to

taint the underlying trial." *Board of Education v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979). The risk of taint, or the appearance of taint, in the instant case is evident: Emery's chairmanship of the CCRB while his firm actively prosecutes the civil claim relating to police misconduct is making a farce of that institution. The same appearance of impropriety should not be permitted to infect this case.

Emery Celli's representation of plaintiff while Richard Emery chairs the CCRB also violates the New York City Charter. The Charter states:

> No public servant shall use or attempt to use his or her position as a public servant to obtain any financial gain, contract, license, privilege or other private or personal advantage, direct or indirect, for the public servant or any person or firm associated with the public servant.

*See* N.Y.C. Charter § 2604(b)(3). The New York City Conflicts of Interest Board has specifically stated that this Charter provision means that "City attorneys may not use the powers of office to obtain a benefit for themselves or their outside clients." *See* N.Y.C. Conf. Int. Bd. Adv. Op. No. 2001-3 at 9. While the Charter permits a public servant to procure a waiver of a conflict (N.Y.C. Charter § 2604(e)), Mr. Emery does not have such a waiver.[1] He has also resisted calls for his ouster.[2] Recent media addressing Emery's refusal to withdraw from this case conflict point out "[t]he CCRB chief has influence even when he's officially uninvolved. Not least, Emery oversees studies and reports that inevitably influence all cases of alleged misconduct."[3]

Emery Celli's representation of plaintiff in this matter, while one of its equity partners oversees the CCRB - which investigates and makes findings of fact against police officers for the use of force - is in violation of the City Charter and is inconsistent with the COIB Advisory Opinion. Accordingly, these actions give rise to the appearance of impropriety and are a violation of the New York Rules of Professional Conduct.

Consequently, we respectfully request that the Court schedule a pre-motion conference to address the matters raised herein.

---

[1] The COIB has written two informal letters which state that Emery's appointment to head the CCRB will not constitute a conflict of interest where, *inter alia,* Emery does not participate in CCRB procedures involving individuals represented by his firm, does not refer individual plaintiffs to his firm, and does not use his City position to discuss firm cases with other City officials. Neither of these letters contemplates nor authorizes the current situation, in which Emery Celli represents a plaintiff in litigation after Mr. Emery's CCRB has found the defendant in the same litigation guilty of the use of excessive force.

[2] John Marzulli, *CCRB chairman says police unions are "squealing like a stuck pig" for calling for his removal,* N.Y. Daily News, Feb. 25, 2016, available at http://www.nydailynews.com/new-york/ccrb-boss-police-unions-squealing-stuck-pig-article-1.2543106.

[3] *Cop-hating CCRB chief must go,* N.Y. Post, Feb. 25, 2016, available at http://nypost.com/2016/02/25/cop-hating-ccrb-chief-must-go/.

Very truly yours,

Andrew C. Quinn, Esq.

ACQ:jg
cc: Counsel of Record (via ecf and Federal Express)